UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

<table>
<tr><td>

PETER ANGELAKOS,

                        Plaintiff,

   -vs-

ROBERT JAMES & ASSOCIATES
ASSET MANAGEMENT, INC.,

                    Defendant.

</td><td>

*Civil Action No.* _____

</td></tr>
</table>

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Angelakos brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Peter Angelakos is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Robert James & Associates Asset Management, Inc., (hereinafter "RJA") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

1

## FACTUAL ALLEGATIONS

8. That Plaintiff Angelakos allegedly incurred and later allegedly defaulted on a personal debt as defined by 15 U.S.C. §1692a(5).  Said alleged debt shall hereinafter be referred to as "the subject debt."

9. That upon information and belief, Defendant RJA was employed by the purported creditor to attempt to collect the subject debt from Plaintiff Angelakos.

10. Shortly thereafter, Defendant RJA began calling Plaintiff Angelakos' place of employment to attempt to collect the subject debt.

11. Defendant RJA was notified on more than one occasion by Plaintiff Angelakos that calls to his place of business were unacceptable and that he did not want to be called there anymore.

12. That despite his instructions, Defendant RJA continued to call Plaintiff Angelakos' place of employment.

13. That during the course of one of the aforementioned telephone calls, a representative for Defendant RJA began yelling at Plaintiff Angelakos as he restated his prior instructions for Defendant to refrain from calling his place of employment.  Among other things, Defendant RJA falsely proclaimed that they had "every right" to call Plaintiff at his place of employment and that he would not refrain from doing so in the future.  Because Defendant was yelling at him and would not him to interject, Plaintiff Angelakos ended the call.

14. That during a subsequent telephone call to Plaintiff's place of employment, Defendant left a message stating that RJA was calling in regards to a "pending lawsuit against [Plaintiff Angelakos."  Despite the aforementioned representation, no such lawsuit had been filed.

15. That in addition, Defendant failed to provide Plaintiff Angelakos with a written notice of the subject debt and his rights as a "consumer," as required by 15 U.S.C. §1692g(a).

16. That as a result of Defendant's unlawful conduct, Plaintiff Peter Angelakos became extremely upset, worried and otherwise suffered from emotional distress.

## CAUSE OF ACTION

17. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

18. Defendant violated 15 U.S.C. §1692a(1) and 15 U.S.C. §1692a(3) by repeatedly communicating with Plaintiff Angelakos at his place of employment despite being instructed on multiple occasions to refrain from calling said location as it was not permitted.

2

19. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff Angelakos, by yelling at him, declaring that Defendant had "every right" to continue calling Plaintiff at his place of employment, declaring that Defendant would continue to call in the future despite Plaintiff's requests, and by stating that there was a "pending lawsuit" against him.

20. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false, deceptive and misleading representations/means to attempt to collect a debt by misrepresenting Defendant RJA's authority to call Plaintiff at his place of employment and by falsely representing that a lawsuit was pending against him.

21. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff a written notice of the subject debt and his rights as a "consumer" within 5 days after their initial communication.

22. Because of the Defendant's various aforementioned violations of the FDCPA, Peter Angelakos became extremely upset, worried and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angelakos respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

### JURY DEMAND

Please take notice that Plaintiff Angelakos demands a trial by jury in this action.

Date: February 7, 2012

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham & Borgese, LLP
*Attorneys for the Plaintiff*
482 Delaware Ave.
Buffalo, New York 14202
fborgese@grahamlawpc.com
716.200.1520